LAW OFFICES OF NICOLAI COCIS
Nicolai Cocis (204703)
nic@cocislaw.com
25026 Las Brisas Rd.
Murrieta, CA 92562
Phone: 951-695-1400

LIBERTY COUNSEL
Matthew D. Staver*
mstaver@lc.org
Horatio G. Mihet*
hmihet@lc.org
Daniel J. Schmid*
dschmid@lc.org
Mariah Gondeiro (323683)
mgondeiro@lc.org
P.O. Box 540774
Orlando, FL 32854
Phone: 407-875-1776
Fax: 407-876-0770

*Application for Pro Hac Vice Admission Forthcoming

*Attorneys for Plaintiff Eric Batman*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BATMAN, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY; LOS ANGELES COUNTY DEPARTMENT OF PUBLIC WORKS; MARK PESTRELLA, in his Official Capacity as Director of Los Angeles Department of Public Works; <br><br> Defendants. | Case No. _____ <br><br> **Verified Complaint for Declaratory and Injunctive Relief and Damages** |

Verified Complaint – Batman v. Los Angeles County, et al

Page 1 of 43

For his Verified Complaint against Los Angeles County ("the County"), Los Angeles County Department of Public Works ("the Department"); and Mark Pestrella, in his official capacity as Director of the Los Angeles Department of Public Works (collectively "Defendants"), Plaintiff Eric Batman ("Batman") alleges and avers as follows:

## **INTRODUCTION**

1. Plaintiff Eric Batman ("Batman") has been a dedicated County employee at the County's Department of Public Works for 24 years. His record of service and employment history are exemplary and the review of his work is always outstanding.

2. Batman is also a Christian who holds sincerely held religious beliefs, based on the Bible, concerning sexuality, marriage, the family, and God's created order of male and female.

3. Prior to the request for a religious accommodation giving rise to this action, Batman had performed his duties with excellence and never requested or required an accommodation. That all changed as a result of a policy adopted by the County in March 2023.

4. Beginning in March 2023, the County directed all of its government departments to ensure that the "Pride Progress Flag" was flown at every government department, including the Department of Public Works where Batman is employed. The policy revisions also directed the government offices to adopt ways to demonstrate that all government offices celebrate so-called "Pride Month" and make its celebration overt, express, and universal.

5. As a result of his sincerely held religious beliefs and a conflict with his employer's open and notorious celebration of

Verified Complaint – Batman v. Los Angeles County, et al

Page 2 of 43

something Batman considers a sin, Batman requested a simple accommodation of working remotely during the one month of the year that his employment requirements conflict with his sincerely held religious beliefs. His simple request would not have hindered the County's own desire to celebrate something that required Batman to tacitly and explicitly endorse something that violates his religious convictions, and it would have permitted Batman to do his job in the same manner he does every other day of the year without burden or hardship to the County.

6.     Granting Batman's simple request would have allowed all involved in this proceeding to celebrate their beliefs, conform their behavior and beliefs to their convictions, and would have neither harmed nor burdened anyone.

7.     Despite the fact that the identical accommodation Batman requested has been made available to other employees whose religious beliefs require a simple and available accommodation, Batman's request was unconstitutionally, unconscionably, and unlawfully denied.

8.     The accommodation that Batman sought is readily available, offered to other similarly situated employees needing accommodation for their religious beliefs, and would have imposed no hardship on Defendants.

9.     The Los Angeles County Board of Supervisors has mandated that all county departments, like the Department, raise the so-called Pride flag and that all county employees celebrate so-called Pride Month. Mr. Batman is a civil engineer for the Department and holds sincere religious beliefs that so-called Pride Month is sinful. He

Verified Complaint – Batman v. Los Angeles County, et al

Page 3 of 43

cannot participate in a celebration that his religion deems sinful. He has communicated these beliefs to Defendants and has requested to work remotely during so-called Pride Month.

10. "Neither a state nor the Federal Government can force or influence a person . . . to profess a belief or disbelief in any religion," and "[n]o person can be punished for entertaining or professing religious beliefs." *Everson v. Bd. of Educ. of Ewing Tp.*, 330 U.S. 1, 15–16 (1947). In fact, the Establishment Clause "affirmatively mandates accommodation, not merely tolerance, of all religions, and forbids hostility toward any." *Lynch v. Donnelly*, 465 U.S. 668, 673 (1984). Defendants provided neither accommodation nor tolerance of Batman's religious beliefs. Rather, they displayed overt hostility towards Batman by refusing to provide him an accommodation the law plainly requires.

11. Moreover, "[t]he First Amendment demands governmental neutrality between religion and religion, and between religion and nonreligion." *Epperson v. Arkansas*, 393 U.S. 97, 103 (1968). Defendants violated both by granting (and therefore expressly favoring) the religious accommodation requests of other religious employees who needed an identical accommodation to the one Batman sought, and demonstrating hostility towards Batman's religious beliefs concerning the County's June celebrations.

12. Additionally, the First Amendment Free Exercise Clause prohibits the government from singling out Batman's religious beliefs for disfavored treatment when other similarly situated beliefs are treated more favorable. Defendants were "obliged under the Free Exercise Clause to proceed in a manner neutral toward and tolerant of [Batman's] religious beliefs." *Masterpiece Cakeshop v. Colorado Civil*

Verified Complaint – Batman v. Los Angeles County, et al

Page 4 of 43

*Rights Comm'n*, 584 U.S. 617, 638 (2018). Indeed, "[t]he Constitution commits itself to religious tolerance." *Id.* at 639. Defendants provided Batman neither.

13. Not only does the First Amendment demand accommodation of Batman's sincerely held religious beliefs, but federal statutory law does too. There is no dispute that "Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular accommodation or accommodations." *Groff v. DeJoy*, 600 U.S. 447, 472 (2023). Defendants were required under federal law to accommodate Batman's request for a religious accommodation that it had demonstrated was available to other religious employees and would have imposed no hardship on Defendants. Defendants failed to do so, and their actions are unlawful.

14. Batman seeks a judgment declaring that the Defendants' refusal to accommodate his religious beliefs violates the First and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act and the Fair Employment and Housing Act ("FEHA"). Batman likewise seeks preliminary pending trial, and permanent injunction upon judgment, restraining and enjoining Defendants from refusing to provide him with a reasonable accommodation for his sincerely held religious beliefs.

15. The First Amendment demands Batman's sincerely held religious beliefs be accommodated. They were not.

16. The Fourteenth Amendment demands Batman's sincerely held religious beliefs be accommodated. They were not.

Verified Complaint – Batman v. Los Angeles County, et al

Page 5 of 43

17.    Title VII demands Batman's sincerely held religious beliefs be accommodated. They were not.

18.    Defendants' unconstitutional, unconscionable, and unlawful actions have caused Batman irreparable constitutional injury, and he prays unto this Court for the relief hereinafter sought in his Prayer for Relief.

## PARTIES

19.    Plaintiff, Eric Batman, is citizen and resident of California and an individual who at all relevant times was and continues to be employed by Los Angeles County Department of Public Works.

20.    Defendant, Los Angeles County, is a municipal and legal entity defined and authorized under the California Constitution and California law with authority to sue and be sued, and is responsible for overseeing, funding, and operating the Los Angeles County Department of Public Works.

21.    Defendant, Los Angeles County Department of Public Works ("the Department") is an executive department of the County of Los Angeles, a municipal and legal entity defined and authorized under the California Constitution and California law with authority to sue and be sued. It is responsible for the construction and operation of Los Angeles County's roads, building safety, sewage, and flood control. The headquarters of the Department is located in Alhambra, California

22.    Defendant, Mark Pestrella, is the Director of the Los Angeles Department of Public Works, responsible for overseeing the Department, administering and enforcing its policies, and managing its day-to-day operations and affairs. Defendant Pestrella is sued in his official capacity.

Verified Complaint – Batman v. Los Angeles County, et al

Page 6 of 43

**JURISDICTION AND VENUE**

23. This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983. This action also arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2. Plaintiff also brings claims under California Government Code §12940.

24. Plaintiff has exhausted all administrative remedies, timely obtained and notice of right to sue from the Attorney General under , and timely brings this complaint within 90 days of obtaining that notice of right to sue. A true and correct copy of Plaintiff's right to sue notice is attached hereto as EXHIBIT A and incorporated herein.

25. This Court has jurisdiction over the claims in this action under 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. §1367.

26. Venue is proper in this Court under 28 U.S.C. §1391(b) because all Defendants are situated in this judicial district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

27. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue Plaintiff's requested injunctive relief requested under Rule 65 of the Federal Rules of Civil Procedure.

28. This Court is also authorized to grant Plaintiff's requested equitable and injunctive relief, his claim for damages, and his claim for attorney's fees and costs under 42 U.S.C. §200e-5(g), (k).

Verified Complaint – Batman v. Los Angeles County, et al

Page 7 of 43

29.    This Court is authorized to grant Plaintiff's requested relief regarding costs, including a reasonable attorney's fee, under 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

**A.    Batman's employment and sincerely held religious beliefs.**

30.    Batman has been employed by the Department since 2002, holding various positions and obtaining routine and regular promotions the entire 24 years he has been employed there. He began as a civil engineering assistant, was promoted to associate civil engineer in 2004, and then civil engineer in 2009.

31.    In 2015, the Department promoted Batman to senior civil engineer, which requires that he oversee the operations of Los Angeles County's flood control and stormwater capture facilities, including fourteen dams, twenty-seven spreading grounds, and three-hundred sea water barrier injection wells.

32.    Batman's daily tasks include monitoring flood control and storm water capture facilities, including stream flows, injection rates, groundwater levels, and how they all interact with one another.

33.    Batman has received excellent performance reviews throughout his 24-year career at the Department and has never encountered a single issue.

34.    Since 2003, Batman has worked at the Department's headquarters located in Alhambra, California, which is comprised of field staff, administrative employees, and engineers.

35.    Batman works on the second floor of the thirteen-floor building with approximately eighty employees. The second floor is primarily comprised of engineers.

36.    Many of Batman's colleagues work remotely one or two times a week.

37.    Batman has limited interaction with the public.

38.    Batman completes most of his job functions on the computer and over telecommunication.

39.    Batman occasionally works on site at the dams and spreading grounds during rain season from October through April.

40.    Batman has been a devout Christian his entire life and attends International Pentecostal Church in Bellflower, California with his wife.

41.    Batman has sincerely held religious beliefs that the Book of Genesis perfectly describes God's creation of human beings. This includes God's determination that humans are either male or female before their birth: "So God created mankind in his own image, in the image of God he created them; male and female he created them." *Genesis* 1:27 (NIV).

42.    Batman has sincere religious beliefs that *Psalm* 139 confirms that we were all born as God intended: "You made all the delicate, inner parts of my body, and knit me together in my mother's womb." *Psalm* 139:13 (NLTCE).

43.    Batman has sincere religious beliefs that departing from God's natural design is sin. The Book of Deuteronomy strictly prohibits dressing as the opposite sex: "A woman must not put on men's clothing, and a man must not wear woman's clothing. Anyone who does this is

Verified Complaint – Batman v. Los Angeles County, et al

Page 9 of 43

detestable in the sight of the LORD your GOD." *Deuteronomy* 22:5 (NLTCE). Thus, Batman has sincere religious beliefs, grounded in Scripture, that if an individual's dresses as the opposite sex, they depart from God's natural design and commit sin.

44.    In the Second Epistle of Timothy, Apostle Paul reminds Timothy, that "[a]ll scripture is breathed out by God and profitable for teaching, for reproof, for correction, and for training in righteousness, that the man of GOD may be complete, equipped for every good work." *2 Timothy* 3:16-17 (ESV). Batman has sincerely held religious beliefs, based on this Scripture, that the Holy Bible is the inspired, infallible, and inerrant word of the Lord Jesus Christ and that he is to follow its teachings.

45.    Batman has sincerely held religious beliefs, derived from the teachings in the Holy Bible, that homosexuality is a sin and that he should not celebrate it. *See Romans* 1:26-27,

46.    Batman has sincerely held religious beliefs, based on *1 Corinthians* 6:9-10 and *1 Timothy* 1:9-10, that homosexuality is among the sins that will exclude people from the salvation, eternal life, and the Kingdom of God.

47.    Batman also has sincerely held religious beliefs that pride is a sin, and that pride leads the way to evil. *Proverbs* 11:2, 29:23.

48.    As a Christian, Batman has sincerely held religious beliefs, based on *Luke* 6:31, that he is to treat all individuals how he would want to be treated, and that this teaching requires him to treat all individuals with respect, kindness, and compassion.

Verified Complaint – Batman v. Los Angeles County, et al

Page 10 of 43

49.    Batman follows this command of Scripture and affords compassion, love, and kindness to all his fellow employees at the Department.

50.    Batman's sincerely held religious beliefs compel him to abstain from celebrating what Scripture condemns, including the celebration of so-called Pride Month.

51.    Batman has sincerely held religious beliefs that inform him of the imperative nature declining to support unrepentant sin because *Isaiah* 5:20 states that "those who call evil good and good evil" shall be condemned and judged.

52.    Consistent with his sincerely held religious beliefs that pride is a sin, Batman likewise believes that celebrating sin is prohibited by Scripture.

53.    Batman has sincerely held religious beliefs that celebrating immorality leads to God's judgment, as outlined in *Proverbs* 8:13, *1 John* 2:16, *Ezekial* 16:49, and *Isaiah* 28:1.

54.    Batman also has sincerely held religious beliefs that the rainbow was a sign from God that He would never destroy the earth by flood again, and that it is a sacred symbol. *Genesis* 9:13-15.

55.    Batman has sincerely held religious beliefs that the rainbow serves as a reminder of God's faithfulness, mercy, and the transition from judgment to restoration.

56.    Batman also has sincerely held religious beliefs that the rainbow is a unique possession of God, and his religious beliefs are based on *Revelation* 4:3, which states Christ had "[a] rainbow that shone like an emerald encircled the throne."

Verified Complaint – Batman v. Los Angeles County, et al

Page 11 of 43

57. Batman has sincerely held religious beliefs that compel him to refrain from celebrating or recognizing a symbol he believes to be ordained by God in Scripture, something that recognizes what his religious compel him is sin.

58. Batman's sincerely held religious beliefs place him in direct conflict with an employment requirement that he celebrate, recognize, and solemnize conduct and actions that he views as sin.

**B.     Defendants' policies and practices concerning so-called "Pride Month."**

59. On March 7, 2023, the County's Board of Supervisors adopted a Motion requiring that the County ensure that the so-called "Progress Pride Flag" be flown at the County's seat of Government. A true and correct copy of the March 7, 2023, Motion of the County's Board of Supervisors is attached hereto as EXHIBIT B and incorporated herein.

60. The March 7 motion likewise directed the Chief Executive Officer of the County to ensure that "all County Departments," including the Department, to "explore ways they can also recognize Pride month celebrations." Exhibit B at 2.

61. On May 10, 2023, the County of Los Angeles Executive Department issued a memorandum noting that the County had adopted a new policy requiring that "the Pride Progress flag be flown at full staff during the month of June," and that it be flown at all Los Angeles County facilities where the American and California flags are flown. A true and correct copy of the County's May 10 Memorandum and Policy Revision is attached hereto as EXHIBIT C and incorporated herein.

Verified Complaint – Batman v. Los Angeles County, et al

62. On May 21, 2024, the County's Board of Supervisors adopted another motion proclaiming the month of June as Pride Month and directed each county department, including the Department, to once again raise the Progress Pride Flag over all county facilities where the American and California flags are displayed. A true and correct copy of the Board's May 2024 Motion is attached hereto as EXHIBIT D and incorporated herein.

63. On June 10, 2025, the County's Board of Supervisors adopted another motion proclaiming the month of June as Pride Month and directed each county department, including the Department, to once again raise the Progress Pride Flag over all county facilities where the American and California flags are displayed. A true and correct copy of the Board's June 2025 Motion is attached hereto as EXHIBIT E and incorporated herein.

64. In each of these Motions, policies, and practices, Defendants made clear that the intent was to ensure that all who entered, passed by, or viewed government buildings knew that the County and its employees were celebrating their "commitment to" and celebration of so-called Pride Month.

65. Because of these Motions and official actions by the County, the Department adopted its formal practice of flying the so-called Progress Pride Flag at the headquarters of the Department where Batman works.

66. On information and belief, Defendants will again issue the same motions, policies, and practices requiring express celebration of so-called Pride Month.

Verified Complaint – Batman v. Los Angeles County, et al

Page 13 of 43

### C.    Batman's request for a religious accommodation from celebrating so-called Pride Month in violation of his sincere religious convictions.

67.    Because of his sincerely held religious beliefs, discussed *supra* paragraphs 40–58, Batman came into conflict with an employment requirement that he be present in the office for the County's explicit and overt celebration of so-called Pride Month.

68.    Batman's sincerely held religious beliefs compelled him to seek a religious accommodation allowing him to work remotely during the month of June so as to not tacitly or overtly endorse what his sincerely held religious beliefs compel him to view as sin.

69.    Defendants have no formal religious accommodation process.

70.    In June 2023, the Department initially allowed Batman to work remotely without requesting an accommodation because his office was under construction from the middle of May until Mid-July 2023. Thus, Batman had no need of a formal request for accommodation during the first year of Defendants' new policies and practices.

71.    Batman was able to fully perform his job duties, complete all required tasks, and otherwise satisfy his employment requirements remotely during June 2023 without incident.

72.    In 2023, even including the month in which he worked remotely, Batman received one of his best performance reviews.

73.    In May 2024, Batman requested a religious accommodation allowing him to work remotely during the month of June, to allow him to continue performing his job duties and required tasks without sacrificing his sincerely held religious convictions.

Verified Complaint – Batman v. Los Angeles County, et al

Page 14 of 43

74. On May 28, 2024, Batman approached his immediate supervisor at the Department to request the religious accommodation of working remotely during June 2024.

75. In that conversation, Batman informed his supervisor of his sincerely held religious beliefs, informed his supervisor of the reason his religious beliefs conflicted with an employment requirement during the month of June, and requested that he be provided a reasonable accommodation for those religious beliefs.

76. Batman's supervisor instructed him to make his request in writing via email.

77. On May 30, 2024, Batman sent his supervisor an email memorializing his request for a religious accommodation. A true and correct copy of Batman's written request for a religious accommodation is attached hereto as EXHIBIT F and incorporated herein.

78. In his request for a religious accommodation, Batman informed his supervisor of his sincerely held religious beliefs, informed his supervisor of the reason his religious beliefs conflicted with an employment requirement during the month of June, and requested that he be provided a reasonable accommodation for those religious beliefs. Exhibit F at 2-3.

79. Batman also noted that his requested accommodation was already occurring for some days of the week and that he was able to perform his functions remotely. Exhibit F at 2-3.

80. On June 3, 2024, the Department denied Batman's request for a religious accommodation. Exhibit F at 1.

81. The reason the Department denied his request for a religious accommodation was because, as the Department informed

Verified Complaint – Batman v. Los Angeles County, et al

Page 15 of 43

him, it could not grant his requested accommodation and comport with its commitment "to fostering an inclusive and welcoming environment for all." Exhibit F at 1.

82. Rather than provide Batman a reasonable accommodation that was plainly available and not burdensome to anyone, Batman was instructed that he could simply use the back entrance. Exhibit F at 1.

83. The Department also suggested to Batman that he seek mental health counseling for any distress he may feel as a result of the conflict between his sincerely held religious beliefs and the Department's denial of his requested accommodation. Exhibit F at 2. In other words, the Department suggested to Batman that his religious beliefs required mental health counseling rather than accommodation.

84. Title VII requires that the Department engage in an interactive accommodation process with Batman to determine whether an accommodation could be available. The Department failed to engage in the process, and instead simply denied the request outright.

85. On June 4, 2024, the Department informed Batman that he could challenge the denial of his requested religious accommodation by filing a grievance form with the Department of Employee Relations.

86. That same day, Batman filed a grievance form with the Department of Employee Relations, reiterating his simple request for a reasonable and plainly available religious accommodation. A true and correct copy of Batman's 2024 Grievance form is attached hereto as EXHIBIT G and incorporated herein.

87. In his grievance, Batman stated:

My request to be accommodated by allowing me to telework additional days during the month of June due to the County's

Verified Complaint – Batman v. Los Angeles County, et al

Page 16 of 43

decision to prominently fly the pride flag near the main entrance of Public Works headquarters building, which conveys a message and ideology that is in direct opposition to my deeply held religious beliefs and is therefore highly offensive, was wrongfully denied. Currently, I telework one day a week (typically on Monday's) and report to Public Work's headquarters building the remaining three days a week. While the pride flag is flown in June, each morning I am subjected to its message and ideology immediately when I first enter the building, each time I exit and then re-enter the building at lunch, and finally when I exit the building to go home each evening. Being exposed to this symbol displayed in such a highly visible location at Public Works headquarters building multiple times throughout each working day negatively impacts my ability [to] perform my work and results in a hostile work environment.

Exhibit G at 4.

88.    As Batman's continued quest for a religious accommodation revealed, his typical work week is 4 days per week, and he already works 1 of those days remotely. His request therefore was to have a total of 12 additional days (for the entire year) to work remotely in order to continue to perform his employment duties while maintaining his sincerely held religious convictions. This accommodation was readily available, non-burdensome to anyone, and required under Title VII and the First Amendment.

89.    On June 5, 2024, Batman received a decision denying his requested accommodation. A  true and correct copy of the decision is attached hereto as EXHIBIT H and incorporated herein.

Verified Complaint – Batman v. Los Angeles County, et al

Page 17 of 43

90.    The decision stated the following:

After consideration of the information that you presented during your grievance, I have determined that the facts presented did not show that your accommodation request was reasonable. The County and Department are committed to fostering an inclusive workplace, including for our LGBTQ+ employees, and you were provided the opportunity to use an alternative entrance if you find the flag objectionable. Your previous telework schedule in June 2023 was due to the building being under construction.

Therefore, your grievance is denied.

Exhibit H at 10-11.

91.    As his supervisors had done before, the denial of his grievance request also noted that Batman could seek professional help for his religious beliefs if he found the violation of his conscience to be distressing. Exhibit H at 11. In other words, the Department suggested to Batman that his religious beliefs required mental health counseling rather than accommodation.

92.    Because of the denial of his requested religious accommodation, Batman was forced to work in an environment that required him to violate his sincerely held religious beliefs in 2024 when a reasonable, non-burdensome, and readily available accommodation was denied.

93.    In 2025, Batman again requested a religious accommodation for remote work during the month of June 2025. A true and correct copy of Batman's June 2025 religious accommodation request is attached hereto as EXHIBIT I and incorporated herein.

94. In his June 2025 request for accommodation, Batman described in detail the basis for his religious convictions and why they conflicted with an employment requirement. Exhibit I at 3-5.

95. In his religious accommodation request, Batman also made clear that the Department had made similar religious accommodations available to other employees at the Department on a regular basis. Exhibit I at 4.

96. Specifically, the Department had permitted employees with the same or similar work requirements as Batman to work remotely during the entire month of Ramadan in order to comport their employment requirements with their sincerely held religious beliefs. Exhibit I at 4.

97. As the Department's treatment of religious adherents during the month of Ramadan made clear, religious accommodations for remote work were readily available, offered to other religious employees, and did not unduly burden the Department at all.

98. Despite the disparate treatment of the remote work accommodations made available to religious adherents celebrating Ramadan, the Department refused to extend the same accommodation to Batman.

99. In addition to his written email to his supervisor, Batman also submitted a Religious Accommodation Request Form on June 2, 2025. A true and correct copy of the June 2025 Formal Religious Accommodation Request Form is attached hereto as EXHIBIT J and incorporated herein.

100. On the form, Batman explained why the requirement that he be physically present at headquarters during the month of June violates his sincere religious convictions:

> The flag has six colored stripes which stand for various expressions of sexuality that are sinful according to my religion. Being forced to participate in the County's celebration of sinful sexuality by working under this flag and being forced to look at it in order to come to work violates my religious beliefs.

Exhibit J at 1.

101. Batman also stated that

> This celebration of "Pride" is sinful according to my faith and God's commands. God's word requires me to not participate in celebrations of activity that God's Word describes as sinful. God's Word, the Bible contains the commands of God to his followers. The Bible recognizes the rainbow as a unique possession of God. The Bible describes "pride" as a great sin. The Bible command God's followers to forsake pride and to avoid sinful celebrations. The Bible commands the followers of God to be separated from sinful practices.

Exhibit J at 1.

102. Batman made clear throughout the form that he had sincere religious convictions warranting an accommodation, that the beliefs were sincerely held and grounded in the Bible, and that there was an accommodation available to him. Exhibit J at 1-5.

103. In his religious accommodation request, Batman also made clear that the Department had made similar religious accommodations

Verified Complaint – Batman v. Los Angeles County, et al

available to other employees at the Department on a regular basis. Exhibit J at 4.

104. Specifically, the Department had permitted employees with the same or similar work requirements as Batman to work remotely during the entire month of Ramadan in order to comport their employment requirements with their sincerely held religious beliefs. Exhibit J at 4.

105. As the Department's treatment of religious adherents during the month of Ramadan made clear, religious accommodations for remote work were readily available, offered to other religious employees, and did not unduly burden the Department at all.

106. Despite the disparate treatment of the remote work accommodations made available to religious adherents celebrating Ramadan, the Department refused to extend the same accommodation to Batman.

107. Batman met briefly with Department officials and his supervisor to discuss his accommodation request.

108. Two days after his meeting, the Department again denied Batman's requested accommodation. *See* Exhibit I at 1.

109. Instead of providing Batman with the remote work accommodation, an accommodation made available to similarly situated employees who require religious accommodation for the month of Ramadan, Defendants informed Batman again that he could simply use the back door.

110. In other words, Defendants' proffered "accommodation" of Batman's request for a religious accommodation was to relegate him to "separate but equal" facilities.

Verified Complaint – Batman v. Los Angeles County, et al

Page 21 of 43

111. Defendants' treatment of Batman's religious accommodation request is discriminatory and unequal, as the trade and union publications for the Department's workers even recognized that the Department allowed remote work for the entire month of Ramadan for employees whose religious beliefs required it. A true and correct copy of this publication is attached hereto as EXHIBIT K and incorporated herein.

112. Batman intends to seek a religious accommodation again this year to abstain from having to support, celebrate, and recognize what his religious beliefs consider sin in 2026.

113. As has been true for each of his prior requests for a religious accommodation, Batman is concerned his request will once again be denied and the treatment of his religious beliefs discriminatorily ignored.

**D. Batman has suffered, is suffering, and will continue to suffer irreparably injury as a result of Defendants' discriminatory treatment of his request for religious accommodation.**

114. Batman has suffered, is suffering, and will continue to suffer irreparable injury absent injunctive relief.

115. Defendants' policies and actions have caused Batman to suffer direct conflict with his sincerely held religious beliefs and required him to affirm by word and action a belief that he does not share and that he believes is sin.

116. Defendants' policies and actions have caused Batman to celebrate, affirm, and recognize conduct and actions that he viewed as sin.

117. Defendants' policies and actions have imposed irreparable injury on Batman's sincerely held religious beliefs.

118. Defendants' policies and actions have imposed irreparable injury on Batman by relegating him to constitutional orphan status and requiring he use "separate but equal" facilities to "accommodate" his religious beliefs.

119. Defendants' policies and actions have imposed irreparable injury on Batman's First Amendment speech rights by compelling him to affirm a message with which he disagrees and affirm a belief and conduct that his sincere religious convictions compel him to view as sin.

120. Defendants' policies and actions have imposed irreparable injury on Batman by treating him dissimilarly to similarly situated employees seeking religious accommodation.

121. Defendants' policies and actions have imposed irreparable injury on Batman by treating him unequally in terms of available accommodations.

122. Defendants' policies and actions have imposed irreparable injury on Batman by showing favoritism towards other religious beliefs while stating that his are unworthy of accommodation or consideration.

123. Defendants' policies and actions have imposed irreparable injury on Batman by denying him a reasonable available and non-burdensome accommodation.

124. Defendants' policies and actions have imposed irreparable injury on Batman by infringing his rights under the First Amendment and the Fourteenth Amendment.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E, *et seq.*

### Religious Discrimination – Failure to Accommodate

125. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs 1 through 124, as though fully set forth herein.

126. Title VII prohibits discrimination against employees on the basis of religion. 42 U.S.C. §2000e-2(a) ("It shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin….").

127. Title VII defines the protected category of religion to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. §2000e(j).

128. Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3(a).

129. Defendant is an employer within the meaning of Title VII and employs more than fifteen employees.

130. Plaintiff has sincerely held religious objections to the employment requirements established by Defendants' policies and practices.

Verified Complaint – Batman v. Los Angeles County, et al

Page 24 of 43

131. Plaintiff incorporates by reference his sincerely held religious beliefs alleged and described in paragraphs 40–58 *supra.*

132. Shortly, Plaintiff holds sincerely held religious beliefs that homosexuality and transgenderism is a sin and a violation of God's design for mankind.

133. Plaintiff informed Defendants of his religious beliefs and need for an accommodation.

134. Defendants failed to provide a reasonable accommodation to Plaintiff.

135. Defendants' failure to accommodate Plaintiff's sincerely held religious beliefs constitutes adverse employment action.

136. Defendants' refusal to accommodate Plaintiff's sincerely held religious beliefs was intentional, deliberate, willful, malicious, reckless, and done with disregard for Plaintiff's sincere religious convictions.

137. By refusing to accommodate Plaintiff's sincerely held religious objection to Defendants' employment requirements, Defendant has unlawfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment, in violation of Title VII.

138. Defendant's refusal to grant Plaintiff's request for an accommodation has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiff's sincerely held religious beliefs.

139. Plaintiff has no adequate remedy at law for the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

Verified Complaint – Batman v. Los Angeles County, et al

Page 25 of 43

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as hereinafter set forth in his prayer for relief.

## COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E, *et seq.*

### Religious Discrimination – Disparate Treatment

140. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs 1 through 124 as if fully set forth herein.

141. Title VII prohibits discrimination against employees on the basis of religion. 42 U.S.C. §2000e-2(a) ("It shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin….").

142. Title VII defines the protected category of religion to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. §2000e(j).

143. Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3(a).

144. Defendant is an employer within the meaning of Title VII and employs more than fifteen employees.

145. Plaintiff has sincerely held religious objections to the employment requirements established by Defendants' policies and practices.

146. Plaintiff incorporates by reference his sincerely held religious beliefs alleged and described in paragraphs 40–58 *supra*.

147. Defendants engaged in an intentional, organization-wide and systemic policy, pattern, and practice of religious discrimination against Plaintiff by, among other actions, refusing to consider or provide religious accommodation mandated by federal law; failing to reasonably accommodate Plaintiff's bona fide religious beliefs; discriminatorily pressuring Plaintiff to forego his religious beliefs and conscience; and other forms of discrimination.

148. Defendants' treatment of similarly situated religious accommodation requests, which were granted, compared to Plaintiff's request for a religious accommodation, which was denied, constitutes unlawful disparate treatment.

149. Defendants' intentionally disparate treatment was motivated by discriminatory animus toward Plaintiff's religious beliefs.

150. Defendants' disparate treatment of Plaintiff's sincerely held religious beliefs constitutes adverse employment action.

151. Defendants' disparate treatment of Plaintiff's sincerely held religious beliefs was intentional, deliberate, willful, malicious, reckless, and done with disregard for Plaintiff's sincere religious convictions.

152. By treating Plaintiff's request for a religious accommodation dissimilarly to the religious accommodation request of other employees requesting the same accommodation, Defendant has unlawfully

discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment, in violation of Title VII.

153. Defendant's disparate treatment of Plaintiff's request for an accommodation has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiff's sincerely held religious beliefs.

154. Plaintiff has no adequate remedy at law for the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as hereinafter set forth in his prayer for relief

## COUNT III – VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

155. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs 1 through 124 as if fully set forth herein.

156. The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging Plaintiff's right to free exercise of religion.

157. The Free Exercise Clause of the First Amendment, protects against "[P]enalties on the free exercise of religion." *Carson as next friend of O.C. v. Makin*, 596 U.S. 767, 778 (2022).

158. The Free Exercise Clause prohibits the government from acting with hostility toward religious beliefs or practices, and it protects against both overt and covert discrimination based on religious status or beliefs. *See Masterpiece Cakeshop v. Colorado C.R.*

Verified Complaint – Batman v. Los Angeles County, et al

Page 28 of 43

*Comm'n,* 584 U.S. 617, 638 (2018); *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993).

159. "The Free Exercise Clause provides that 'Congress shall make no law… prohibiting the free exercise' of religion." *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 524 (2022) (quoting U.S. Const. Amdt. 1.) "The Clause protects not only the right to harbor religious beliefs inwardly and secretly. It does perhaps its most important work by protecting the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life through 'the performance of (or abstention from) physical acts.'" *Id.* (quoting *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872, 877 (1990)).

160. Plaintiff realleges the discussion of his sincerely held religious beliefs in paragraphs 40–58 as if fully set forth therein.

161. Defendants targeted Plaintiff on account of his sincerely held religious beliefs for disparate and discriminatory treatment because Defendants perceived those beliefs to be incompatible or in tension with Defendants' preferred worldview.

162. Defendants' policies and actions, on their face and as applied, were neither neutral nor generally applicable.

163. Defendants' policies and actions, on their face and as applied, specifically targeted Batman's religious beliefs for disparate and discriminatory treatment.

164. Defendants' policies and actions, on their face and as applied, specifically target religion for disparate and discriminatory treatment.

Verified Complaint – Batman v. Los Angeles County, et al

Page 29 of 43

165. Defendants' policies and actions, on their face and as applied, imposed a substantial burden on Plaintiff's exercise of his sincerely held religious beliefs as County employee.

166. Defendants' policies and actions, on their face and as applied, fail to accommodate Plaintiff's sincerely held religious convictions.

167. Defendants' policies and actions, on their face and as applied, are not the least restrictive means of achieving an otherwise permissible government interest.

168. Defendants' policies and actions are irrational and arbitrary and are not reasonably related to any legitimate interest.

169. Defendants' policies and actions, on their face and as applied, include a system of individualized exemptions under which Defendants may discriminatorily grant religious accommodations to favored religious groups while excluding Plaintiff's religious accommodation request.

170. Defendants' policies and actions, on their face and as applied, constitute a religious gerrymander, excluding Plaintiff and constitutionally orphaning him from available religious accommodations.

171. Defendants' policies and actions, on their face and as applied, unconstitutionally chill and fail to accommodate Plaintiff's exercise of religion.

172. As a direct and proximate result of Defendants' violation of the Free Exercise Clause, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm, including the loss of its fundamental constitutional rights.

Verified Complaint – Batman v. Los Angeles County, et al

173. Plaintiff has no adequate remedy at law to protect the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as hereinafter set forth in his prayer for relief.

## COUNT IV – VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

174. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs 1 through 124 as if fully set forth herein.

175. The Establishment Clause prohibits government from establishing a religion, showing hostility towards religion, and showing favoritism towards one religious sect over another or towards non-religion over religion.

176. The Establishment Clause does not require or permit Defendants to differentiate between different religions or religious sects.

177. The Establishment Clause does not require or permit Defendants to treat Plaintiff's religious beliefs differently and more favorably than Plaintiff's beliefs.

178. Defendants' policies and actions, on their face and as-applied, demonstrate hostility to Plaintiff's religious beliefs.

179. Defendants' policies and actions, on their face and as-applied, fail to accommodate Plaintiff's religious beliefs.

180. Defendants' policies and actions, on their face and as-applied, treat some religious beliefs more favorably than Plaintiff's religious beliefs.

Verified Complaint – Batman v. Los Angeles County, et al

181. As a direct and proximate result of Defendants' violation of the Establishment Clause, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm, including the loss of his fundamental constitutional rights.

182. Plaintiff has no adequate remedy at law to protect the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as hereinafter set forth in his prayer for relief.

## COUNT V – VIOLATION OF THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

183. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs 1 through 124 as if fully set forth herein.

184. The Free Speech Clause of the First Amendment to the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, protects Plaintiff's freedom of speech.

185. The Free Speech Clause of the First Amendment to the United States Constitution prohibits the government from compelling Plaintiff to engage in certain speech.

186. Defendants' policies and actions, on their face and as-applied, unconstitutionally compel Plaintiff to speak a message of approval of conduct and actions he views as sinful and contrary to his religious beliefs.

187. By forcing Plaintiff to tacitly endorse Defendant's chosen message, Defendants' policies and actions, on their face and as-applied,

Verified Complaint – Batman v. Los Angeles County, et al

Page 32 of 43

compel content and viewpoint-based messages on Plaintiff's religious speech and expression.

188. Defendants' actions and refusal to provide a reasonable accommodation were undertaken in bad faith and with the intent to punish Plaintiff for his religious status, beliefs, views, and expression, effectively penalizing Plaintiff for engaging in constitutionally protected conduct and expression.

189. Defendants' policies and actions, on their face and as-applied, are not supported by any compelling, legitimate, substantial, or even rational government interest

190. Defendants' policies and actions, on their face and as-applied, not the least restrictive means of achieving an otherwise permissible government interest.

191. Defendants' policies and actions, on their face and as-applied, have caused, are causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiff's sincerely held religious beliefs

192. Plaintiff has no adequate remedy at law to protect the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as hereinafter set forth in his prayer for relief.

## COUNT VI – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

193. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs 1 through 124 as if fully set forth herein.

Verified Complaint – Batman v. Los Angeles County, et al

Page 33 of 43

194. The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs the right to equal protection under the law.

195. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

196. The Equal Protection Clause prohibits discrimination on the basis of religion.

197. Defendants' policies and actions, on their face and as-applied, are an unconstitutional abridgment of Plaintiff's right to equal protection under the law, are not neutral, and specifically targets Plaintiff's sincerely held religious beliefs for discriminatory and unequal treatment.

198. Defendants' policies and actions, on their face and as-applied, are an unconstitutional abridgement of Plaintiff's right to equal protection because they permit Defendants to treat Plaintiff differently from other similarly situated employees on the basis of Plaintiff's sincerely held religious beliefs.

199. Defendants' policies and actions, on their face and as-applied, single out Plaintiff for selective treatment based upon his sincerely held religious beliefs.

200. Defendants' policies and actions, on their face and as-applied, are explicitly intended to inhibit and punish the exercise of Plaintiff's sincerely held religious beliefs.

201. Defendants' policies and actions, on their face and as-applied, create a system of classes and categories that permit the government to exclude employees with sincerely held religious beliefs, such as Plaintiff, from obtaining accommodations.

202. Defendants' policies and actions, on their face and as-applied, are a "status-based enactment divorced from any factual context" and "a classification of persons undertaken for its own sake," which "the Equal Protection Clause does not permit." *Romer v. Evans*, 517 U.S. 620, 635 (1996).

203. Defendants' policies and actions, on their face and as-applied, "identif[y] persons by a single trait [religious beliefs] and then denies them protections across the board." *Id.* at 633

204. Defendants' policies and actions, on their face and as-applied, result in a "disqualification of a class of persons from the right to seek specific protection [for their religious beliefs]." *Id.*

205. Defendants' policies and actions, on their face and as-applied, "declar[e] that in general it shall be more difficult for one group of citizens than for all others to seek [certain status] from the government is itself a denial of equal protection of the laws in the most literal sense." *Id.*

206. Defendants' policies and actions, on their face and as-applied, discriminate between religion and nonreligion by allowing certain, nonreligious or favored religious employees the ability to attain accommodations while categorically excluding similarly situated employees from the same treatment, and does so solely on the basis of religious belief.

Verified Complaint – Batman v. Los Angeles County, et al

207. Defendants' policies and actions, on their face and as-applied, "raise[] the inevitable inference that the disadvantage imposed is born of animosity toward the class of persons affected," *id.* at 634, and thus violates the Equal Protection Clause.

208. Defendants' policies and actions, on their face and as-applied, are not supported by any compelling, legitimate, substantial, or even rational government interest.

209. Defendants' policies and actions, on their face and as-applied, not the least restrictive means of achieving an otherwise permissible government interest.

210. Defendants' policies and actions, on their face and as-applied, has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiff's sincerely held religious beliefs.

211. Plaintiff has no adequate remedy at law to protect the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as hereinafter set forth in his prayer for relief.

## COUNT VII – VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940.

212. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs 1 through 124 as if fully set forth herein

213. California's Fair Employment and Housing Act prohibits an employer from discriminating against an employee "because of the…religious creed" of such individual. individual. Cal. Gov. Code § 12940(a). This includes accommodating an employee's "religious belief

Verified Complaint – Batman v. Los Angeles County, et al

or observance," if there are "reasonable alternative means" of achieving the employer's needs. *Id*. at subd. (l).

214. California's Fair Employment and Housing Act prohibits an employer from "discriminat[ing] against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov. Code § 12940(h). This includes a special prohibition on an employer "retaliat[ing] or otherwise discriminat[ing] against a person for requesting [a religious] accommodation under this subdivision, regardless of whether the request was granted. *Id*. at subd. (l)(4).

215. California's Fair Employment and Housing Act prohibits an employer from "fail[ing] to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov. Code § 12940(k).

216. Plaintiff has sincerely held religious objections to the employment requirements established by Defendants' policies and practices.

217. Plaintiff incorporates by reference his sincerely held religious beliefs alleged and described in paragraphs 40–58 *supra*.

218. Defendants engaged in an intentional, organization-wide and systemic policy, pattern, and practice of religious discrimination against Plaintiff by, among other actions, refusing to consider or provide religious accommodation mandated by federal law; failing to reasonably accommodate Plaintiff's bona fide religious beliefs; discriminatorily pressuring Plaintiff to forego his religious beliefs and conscience; and other forms of discrimination.

Verified Complaint – Batman v. Los Angeles County, et al

Page 37 of 43

219. Defendants' treatment of similarly situated religious accommodation requests, which were granted, compared to Plaintiff's request for a religious accommodation, which was denied, constitutes unlawful disparate treatment.

220. Defendants' intentionally disparate treatment was motivated by discriminatory animus toward Plaintiff's religious beliefs.

221. Defendants' disparate treatment of Plaintiff's sincerely held religious beliefs constitutes adverse employment action.

222. Defendants' disparate treatment of Plaintiff's sincerely held religious beliefs was intentional, deliberate, willful, malicious, reckless, and done with disregard for Plaintiff's sincere religious convictions.

223. By treating Plaintiff's request for a religious accommodation dissimilarly to the religious accommodation request of other employees requesting the same accommodation, Defendant has unlawfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment, in violation of California's Fair Employment and Housing Act..

224. Defendant's disparate treatment of Plaintiff's request for an accommodation has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiff's sincerely held religious beliefs.

225. Plaintiff has no adequate remedy at law for the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

226. Defendants' refusal to grant Plaintiff's request for an accommodation has caused, is causing, and will continue to cause

irreparable harm and actual and undue hardship on Plaintiff's sincerely held religious beliefs.

227. Plaintiff has no adequate remedy at law for the continuing deprivation of his most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as hereinafter set forth in his prayer for relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

A. That the Court enter a preliminary injunction pending trial, and a permanent injunction upon judgment, restraining and enjoining Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with Defendants' policies and actions prohibiting religious accommodations for the month of June and requiring that Defendants grant Plaintiff's religious accommodation request for the month of June in the same manner that it has with other similarly situated employees, permitting him to work remotely as is available to other religious employees and otherwise refraining from discriminating against Plaintiff with respect to the terms and conditions of his employment;

B. That the Court enter declaratory judgment, declaring that Defendants' policies and actions are unconstitutional and unlawful, and further declaring that

(1) Defendants' refusal to provide similar treatment of Plaintiff's request for religious accommodation to that

afforded to other similarly situated employees requesting identical accommodations violated Title VII of the Civil Rights Act, the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise Clause of the First Amendment, and the Establishment Clause of the First Amendment;

(2) Defendants' refusal to accommodate Plaintiff's sincere religious beliefs violated Title VII of the Civil Rights Act, the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise Clause of the First Amendment, the Establishment Clause of the First Amendment, and California's Fair Employment and Housing Act;

(3) Defendants' policies and actions, on their face and as applied, violate the First Amendment to the United States Constitution by specifically targeting Plaintiff's sincerely held religious beliefs for disparate and discriminatory treatment;

(4) Defendants' policies and actions, on their face and as applied, violate the First Amendment to the United States Constitution by singling out Plaintiff's religious viewpoint and expression for discriminatory treatment;

(5) Defendants' policies and actions, on their face and as applied, violate the First Amendment to the United States Constitution by permitting Defendants to engage in unlawful retaliation against religious adherents and single out for disparate treatment Plaintiff solely on the basis of his religious exercise and beliefs;

Verified Complaint – Batman v. Los Angeles County, et al

Page 40 of 43

(6)    Defendants' policies and actions, on their face and as applied, violate the Establishment Clause of the First Amendment by singling out Plaintiff's religious beliefs for disfavored treatment while granting similarly situated religious accommodations to other religious beliefs

(7)    Defendants' policies and actions, on their face and as applied, violate the Equal Protection Clause by singling out Plaintiff's religious beliefs for disfavored treatment while granting similarly situated religious accommodations to other religious beliefs;

C.    That the Court adjudge, decree, and declare the rights and other legal obligations and relations within the subject matter here in controversy so that such declaration shall have the full force and effect of final judgment;

D.    That the Court award Plaintiff actual damages in an amount to be determined at trial;

E.    That the Court award Plaintiff nominal and presumed damages in the amount $100.00;

F.    That the Court award Plaintiff his reasonable attorney's fees, costs, and other expenses and disbursements in this action 42 U.S.C. § 1988 and 42 U.S.C. §2000e-5(k);

G.    That the Court retain jurisdiction over the matter for the purposes of enforcing the Court's order and final judgment; and

H.    That the Court grant such other and further relief as the Court deems proper and just.

I.    Plaintiff prays for a trial by jury on all issues so triable.

Verified Complaint – Batman v. Los Angeles County, et al

Page 41 of 43

Dated: March 10, 2026

/s/ Nicolai Cocis
Nicolai Cocis (CA 204703)
nic@cocislaw.com
LAW OFFICE OF NIC COCIS
25026 Las Brisas Rd.
Murietta, CA 92562
(951) 695-1400

/s/ Daniel J. Schmid
Mathew D. Staver*
Horatio G. Mihet*
Daniel J. Schmid*
Mariah Gondeiro (CA 323683)
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@LC.org
hmihet@LC.org
dschmid@LC.org
*Pro hac vice pending
*Attorneys for Plaintiff Eric Batman*

Verified Complaint – Batman v. Los Angeles County, et al

Page 42 of 43

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America and the State of California that foregoing factual allegations that pertain to me are true and correct, based upon my personal knowledge (unless otherwise indicated), and if called to testify to their truthfulness, I would and could do so competently.

Executed this March 9, 2026

/s/ Eric Batman

Eric Batman

Verified Complaint – Batman v. Los Angeles County, et al

Page 43 of 43